UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GILMAR BATISTELA and RESOURCE INTERNATIONAL HOLDINGS CV,<br><br>                              Plaintiffs,<br><br>           -against-<br><br>SAMBA HOLDINGS S.A.R.L. QINTESS CAPITAL E PARTICIPAÇÕES LTDA., NANA BAFFOUR-GYEWU, and FRANK ASANTE-KISSI,<br><br>                              Defendants. | Case No. 25-cv-08107 (JLR)<br><br>**<u>ORDER</u>** |

JENNIFER L. ROCHON, United States District Judge:

Plaintiffs Gilmar Batistela and Resource International Holdings CV bring this action against Defendants Samba Holdings S.A.R.L. Qintess Capital e Participações Ltda., Nana Baffour-Gyewu, and Frank Asante-Kissi, invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship. *See* 28 U.S.C. § 1332.

According to the Complaint, Resource International Holdings CV is a Dutch limited liability company ("LLC"). *See* Dkt. 24 ("Compl.") ¶ 2. It also appears that Defendant Qintess Capital e Participações Ltda. is a Brazilian LLC. *See id.* ¶ 4. It is well established that an LLC is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-cv-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members). Thus, a complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the

LLC (including the citizenship of any members of the LLC that are themselves LLCs).  *See Handelsman*, 213 F.3d at 51-52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010).  In the present case, the Complaint fails to do so.  In addition, it alleges only the business addresses of the individual Defendants rather than their states of citizenship, as required for purposes of diversity jurisdiction.  *See* Compl. ¶¶ 5-6; *see, e.g.*, *Leveraged Leasing Admin. Corp. v. PacifiCorp Cap., Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (holding that a complaint that fails to plead citizenship of relevant parties does not properly assert diversity jurisdiction).

    Accordingly, it is hereby ORDERED that, on or before **October 20, 2025,** Plaintiffs shall amend the Complaint to allege the citizenship of each constituent person or entity comprising the LLC parties as well as the citizenship of all individual parties.  If, by that date, Plaintiffs are unable to amend the Complaint to truthfully allege complete diversity of citizenship, then the Complaint will be dismissed for lack of subject matter jurisdiction without further notice to either party.

Dated:  October 6, 2025
         New York, New York

                        SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge