UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GILMAR BATISTELA and RESOURCE
INTERNATIONAL HOLDINGS CV,

                        Plaintiffs,

          -against-

SAMBA HOLDINGS S.A.R.L. QINTESS
CAPITAL E PARTICIPAÇÕES LTDA.,
NANA BAFFOUR-GYEWU, and FRANK
ASANTE-KISSI,

                        Defendants.

---

Case No. 1:25-cv-08107 (JLR)

**MEMORANDUM OPINION AND
ORDER**

JENNIFER L. ROCHON, United States District Judge:

Defendants move pursuant to Rule 13 of the Rules for the Division of Business Among

District Judges of the Southern District of New York to transfer this action to the Honorable

Vernon S. Broderick as related to *Sanjini Ventures LLC v. Samba Holdings S.A.R.L.*, No. 25-cv-

08037.  *See* Dkt. 43.  For the reasons below, the motion is GRANTED.

Rule 13 permits reassignment where cases are related in a manner that promotes the just

and efficient conduct of the litigation.  In determining relatedness, the Court considers whether:

(A)  the actions concern the same or substantially similar parties, property,
     transactions, or events;
(B)  there is substantial factual overlap;
(C)  the parties could be subjected to conflicting orders; and
(D)  whether absent a determination of relatedness there would be a substantial
     duplication of effort and expense, delay, or undue burden on the court, parties,
     or witnesses.

R. for the Div. of Bus. Among Dist. Judges 13.

Those factors support transfer here.  First, the two actions involve substantially similar

parties: the related action includes the same core parties as those here, with one additional

plaintiff and one fewer individual defendant.  Second, the actions arise from substantially similar

transactions and events.  Both cases concern the same Stock Purchase Agreement ("SPA") and Compliance Side Letter, and both involve allegations that the defendants improperly used or failed to account for funds set aside in connection with the SPA transaction.  Third, that same overlap creates a meaningful risk of duplicative discovery and inconsistent rulings.  Both actions will require interpretation of the SPA and Compliance Side Letter and discovery concerning the purpose of the set-aside funds, the parties' intent in structuring those funds, and the defendants' use of them.  The parties also have pending motions to dismiss in both actions raising overlapping issues concerning individual liability for alleged corporate contractual breaches. Proceeding before different judges therefore risks inconsistent rulings on common contractual and liability issues.  Finally, transfer will conserve judicial and party resources.

Accordingly, the Court concludes that this action is related to *Sanjini Ventures LLC v. Samba Holdings S.A.R.L.*, No. 25-cv-08037, within the meaning of Rule 13.  Defendants' motion to transfer is therefore GRANTED.  The Court will facilitate the transfer of this action to the Honorable Vernon S. Broderick.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 43.

Dated: May 5, 2026
       New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge