**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GILMAR BATISTELA and RESOURCE INTERNATIONAL HOLDINGS CV<br>*Plaintiffs,*<br>v.<br>SAMBA HOLDINGS S.A.R.L, QINTESS CAPITAL E PARTICIPAÇÕES LTDA, NANA BAFFOUR-GYEWU, and FRANK ASANTE-KISSI<br>*Defendants.* | **Case No.: 25-CV-08107 (VSB) (JW)**<br><br>Hon. Jennifer E. Willis |

Plaintiff's request for a conference is DENIED at this time. Plaintiff has leave to re-file a letter regarding the same discovery disputes, but must specifically detail the outstanding discovery dispute so the parties can meaningfully engage with the issues. Lastly, the Court finds it concerning that Defendants have not yet produced any responsive documents and gently reminds the parties of their discovery obligations.
SO ORDERED.

JENNIFER E. WILLIS
United States Magistrate Judge
July 10, 2026

**PLAINTIFFS' LETTER REGA**

**Dear Judge Willis:**

Plaintiffs, Resource International Holdi
this letter motion pursuant to Section II.A (I
Practices in Civil Cases and Local Civil Rule
appear before the Court for the Initial Case
Ventures lawsuit (No. 25-cv-08037). Because
date, and because this lawsuit and Sanjini are
conference to bring to the Court's attention a di
and respectfully to ask that, should the Court fi
7 conference or at such other time as the Court

Plaintiffs served their First Set of Requ
months later, and with fact discovery set to clo
not a single document. Plaintiffs respectfully seek the Court's guidance and assistance in moving discovery forward. This case has been marked, from its outset, by a consistent pattern of last-minute extension requests and missed deadlines exclusively attributable to Defendants. Plaintiffs have complied with every obligation on time and in good faith. The record is as follows:

**February 24, 2026 — Initial Disclosures.** Defendants failed to meet the Court-ordered initial-disclosure deadline they themselves had proposed, and requested an extension only after it had passed, without prior notice. Plaintiffs had served their disclosures in full and on time. Plaintiffs agreed to the extension in the interest of cooperation but warned in writing that future noncompliance would not be acceptable. Defendants served their disclosures on March 3, 2026—seven days late. Email correspondence is attached as Exhibit A.

**April 6, 2026 — First Sets of RFPs Exchanged.** Both sides exchanged their initial Requests for Production of Documents.[1] [2] Email is attached here as Exhibit B

**May 6–7, 2026 — Last-Minute Extension and Exchange of Responses**. Hours before the deadline to serve responses to Plaintiffs' First RFPs, Defendants requested a one-day extension

[1] Defendants First Request for Production of Documents is attached here as Exhibit C
[2] Plaintiffs First Request for Production of Documents is attached here as Exhibit D

citing an unspecified "urgent issue" in another matter. Although Plaintiffs' counsel granted the extension, they expressly noted "a concerning pattern in this matter of seeking last-minute extensions" and stated it would be the last one agreed to. On May 7, Defendants served responses consisting primarily of boilerplate objections.[3] Plaintiffs, by contrast, served substantive responses and objections[4] and committed to a date certain for their document production. Defendants made no such commitment. Email chain is attached hereto as Exhibit E

**June 03, 2026 -** Plaintiffs requested a meet-and-confer for June 4 or 5. Defendants were unavailable and requested the call be moved to the following week. Plaintiffs accommodated. The meet-and-confer ultimately took place on June 12, 2026, eight days after Plaintiffs' initial request, entirely due to Defendants' scheduling constraints. Email is attached here as Exhibit H.

**June 12, 2026 — Meet-and-Confer.** The parties held a good-faith video-conference meet-and-confer, attended by Ms. Patricia Acosta and Mr. Manuel Ferro for Defendants. Counsel agreed that both sides would revise and narrow their respective discovery requests and serve revised versions by June 19, 2026, with a follow-up meet-and-confer during the week of June 22.

**June 19, 2026 — Plaintiffs Comply in Full; Defendants Do Not.** Plaintiffs timely served their Revised First Set of Requests for Production[5], reducing significantly their requests from 42 to 20, organized by subject matter and directly tied to the causes of action in the First Amended Complaint. Defendants served nothing, despite Plaintiffs' timely compliance. Email is attached here as Exhibit I.

**June 23, 2026 — Plaintiffs Issue Formal Default Notice.** Defendants neither served their revised requests nor offered any explanation, proposed any alternative, or responded to Plaintiffs' follow-up correspondence of June 19. As of June 23, 2026, Defendants had been silent for four days. Plaintiffs then sent a written notice to all Defendants' counsel formally noting Defendants' breach of the June 12 agreement and demanding compliance by noon on June 24, 2026, or stated they would seek Court relief. Defendants did not respond. Email is attached as Exhibit K.

**June 24, 2026** — After remaining silent in response to Plaintiffs' June 19 correspondence, Defendants responded only after receiving Plaintiffs' June 23 notice, disputing Plaintiffs' understanding of the parties' June 12 agreement and raising, for the first time, issues concerning a Rule 26(f) conference and a proposed case management plan. Plaintiffs replied that their June 19 submission consisted of substantially narrowed versions of their existing requests and noted that modifications to the Court's Civil Case Management Plan were never discussed during the June 12 meet-and-confer. Email correspondence is attached as Exhibit L.

**June 24, 2026 — Defendants Serve Their Narrowing Proposals; Plaintiffs Withdraw Objections.** Only five days after the agreed June 19 deadline, and only after Plaintiffs' default notice, Defendants served a letter[6] setting out proposed narrowing language for their own requests. In a further demonstration of good faith, Plaintiffs withdrew their objections to Defendants' Requests Nos. 1 through 5 and agreed to produce responsive documents; on Plaintiffs' review, however, Defendants' proposals narrowed nothing of substance. Email correspondence is attached as Exhibit L.

**June 25, 2026 — Second Meet-and-Confer; Plaintiffs Provide Request-by-Request Summary.** In advance of the parties' second meet-and-confer, held on June 25, 2026 at 4:00 p.m.,

---

[3] Defendants' Objections and Responses is attached hereto as Exhibit F.
[4] Plaintiffs' Objections and Responses is attached hereto as Exhibit G.
[5] Plaintiffs' Revised First Request for Production of Documents is attached here as Exhibit J.
[6] Defendant's Letter is attached here as Exhibit M.

Plaintiffs served a request-by-request summary of their original forty-two (42) Requests to their Revised twenty (20) Requests, demonstrating that seventeen requests were deleted, twenty narrowed, and five consolidated, that every revised request traces directly to one or more original requests, and that no new subject matter was introduced. Defendants nonetheless continued to characterize the revised requests as "new" and "untimely." The parties' June 24–25 email correspondence is attached as Exhibit L. The mapping is attached as Exhibit O.

**June 30 – July 2, 2026 — Defendants' Deadlines Slip Again; Discovery Remains Outstanding.** On June 30, 2026, Defendants sought yet another last-minute extension, this time of their initial-disclosure deadline in the related Sanjini action (No. 25-cv-08037) and represented that they would serve their responses to Plaintiffs' Revised First Set of Requests for Production by July 1, 2026. Plaintiffs again accommodated Defendants, consenting to a mutual extension. When July 1 arrived, Defendants advised that they might not respond until the following day, and Plaintiffs extended one final accommodation through 6:00 p.m. on July 2, 2026. That deadline passed with no production and no responses. Email correspondence is attached as Exhibit N.

Plaintiffs have satisfied Local Civil Rule 37.2 and Section II.A of Judge Willis's Individual Practices: counsel conferred in good faith regarding this dispute, by video and telephone, on June 12, 2026 and again on June 25, 2026, and Plaintiffs furnished a request-by-request mapping confirming that each revised request derives directly from their original requests. Those efforts have not resolved the dispute.

The parties are at an impasse. As of the date of this filing, and notwithstanding Plaintiffs' final July 2 deadline, Defendants have produced not a single document, served no responses to Plaintiffs' Revised First Set of Requests for Production, and offered neither an explanation for their silence nor any date by which they intend to comply. Discovery has not advanced. The documents most material to Plaintiffs' claims remain exclusively within Defendants' possession. Plaintiffs have met every deadline and stand ready to produce their own documents; yet with fact discovery set to close on August 10, 2026, they remain unable to prepare for depositions or to complete discovery on schedule. The prejudice to Plaintiffs from this continued delay is concrete and mounting.

Plaintiffs do not take lightly the decision to bring a discovery dispute before the Court, and they do so now only because they see no other path forward. This is not an ordinary scheduling disagreement. For nearly three months, Plaintiffs have done everything within their power to keep this case moving without burdening the Court: they accommodated each of Defendants' requests for additional time, narrowed their own requests by more than half, and conferred in good faith on two occasions. Those efforts have yielded not a single document. Plaintiffs are reluctantly left to conclude that discovery will not advance without the Court's intervention. Plaintiffs ask only for the Court's guidance and assistance in moving this case forward. Accordingly, Plaintiffs respectfully request that the Court address this dispute at the July 7, 2026 conference, should the Court find it convenient, or at such other time as the Court deems appropriate.

Respectfully submitted,

**Gabriela Menna Barreto Scanlon, Esq.**
MB Scanlon PLLC
4301 50th Street, N.W., Suite 102
Washington, D.C. 20016 | Tel: (771) 210-5757
gabriela@mbscanlon.com
*Attorneys for Plaintiffs*