**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GILMAR BATISTELA and RESOURCE INTERNATIONAL HOLDINGS CV,<br><br>Plaintiffs,<br><br>v.<br><br>SAMBA HOLDINGS S.A.R.L., QINTESS CAPITAL E PARTICIPAÇÕES LTDA, NANA BAFFOUR-GYEWU, and FRANK ASANTE-KISSI,<br><br>Defendants. | Case No.: 25-CV-08107 (VSB) (JW)<br><br>Hon. Jennifer E. Willis |

July 28, 2026

**VIA ECF**

**Re: *Batistela, et al. v. Samba Holdings S.A.R.L., et al.*, No. 1:25-cv-08107 (VSB) (JW) — Plaintiffs' Letter Motion to Compel Defendants' Document Production.**

Dear Judge Willis,

Plaintiffs respectfully move, pursuant to Rule 37 of the Federal Rules of Civil Procedure, for an order compelling Defendants to produce all responsive, non-privileged documents within their possession, custody, or control, responsive to Plaintiff's document requests. Court intervention is necessary because, as of today, July 28, 2026, the Defendants have produced 49 pages of documents (42 of which are documents filed by the Plaintiffs as exhibits to their First Amended Complaint), despite months of discovery.[1] Defendants continue to refuse to identify what responsive documents they will produce or when they will produce them. With fact discovery

[1] *See* Defendants' First Production, Bates Nos. Defendants_00001–00049, attached hereto as Exhibit 1.

closing on August 10, 2026, it will be impossible for the Plaintiffs to complete fact discovery without the Court's intervention.

By contrast, the Plaintiffs substantially narrowed their Requests for Production at Defendants' request and, on July 20, 2026, have produced 1,747 pages of responsive documents. Defendants, however, have produced only 49 pages in total. Approximately 42 of those pages consist of Direction Letters and attachments that were either attached as exhibits to Plaintiffs' Complaint or had already been produced by Plaintiffs in their first document production.

Plaintiffs served their First Requests for Production in April 2026. Defendants responded with the same boilerplate objections to virtually every request, without identifying what documents, if any, would be produced.

The parties thereafter met and conferred in an effort to narrow the scope of discovery. At Defendants' request, Plaintiffs substantially narrowed their Requests for Production, eliminating approximately half of their requests in a good-faith effort to reduce the burden of production and facilitate prompt compliance. Plaintiffs honored their commitment. Defendants did not. To date, no answer.

The Court has already flagged this very problem. In its July 10, 2026 Order, the Court observed that it was *"concerning that Defendants have not yet produced any responsive documents."* Defendants have disregarded that admonition. In the weeks since, they have neither meaningfully supplemented their production nor committed to completing it before the close of fact discovery.

Immediately after the Court's Order, Plaintiffs again sought to resolve the dispute without further Court intervention, asking Defendants in writing to identify what documents they would produce, when they would produce them, and their position on the outstanding objections, and requesting a production schedule with firm dates.[2] Defendants never answered those questions. Instead, they have done nothing but promise a "rolling production", without identifying a single document, a single request, or a single date.

---

[2] *See* E-mail Chain between counsel, attached hereto as Exhibit 2.

With fact discovery set to close on August 10, 2026, Defendants' continued failure to produce responsive documents has materially prejudiced Plaintiffs' ability to complete document discovery, prepare for depositions, and comply with the Court's Scheduling Order.

Plaintiffs have exhausted every reasonable effort to resolve this dispute without Court intervention. Accordingly, Plaintiffs respectfully request that the Court enter an order to compel Defendants to produce, by a date certain, all responsive, non-privileged documents within their possession, custody, or control.

Respectfully submitted,

**MB SCANLON PLLC**

*/s/ Gabriela Menna Barreto Scanlon*
Gabriela Menna Barreto Scanlon
4301 50th Street, N.W., 1st Floor
Washington, D.C. 20016
Tel: +1 215 459-1171
Email: gabriela@mbscanlon.com

*Counsel for Plaintiffs*

This request is DENIED. However, Defendants are to provide an RFP-by-RFP explanation of what Defendants agree to produce and by when by **August 7, 2026**. The parties are then to meet and confer in good faith. In the event the parties are unable to resolve their dispute, Plaintiffs have leave to refile their motion to compel, but they must be mindful of the Court's prior admonition that no request will be considered unless the letter provides specific details regarding what RFPs are at issue. Lastly, the Court extends the fact discovery deadline to **September 10, 2026** so the parties can meaningfully engage with the outstanding discovery requests. SO ORDERED.

Jennifer E. Willis

JENNIFER E. WILLIS
United States Magistrate Judge
August 4, 2026